Charles STAUDUHAR, assignee of Herbert F. Schultz as trustee of the Estate of Charles Raymond d/b/a Raymond Construction Company, a bankrupt, Plaintiff,

v.

LIMBACH COMPANY, a foreign corporation, Defendant.

Civ. A. No. 68–C–331.

United States District Court,
E. D. Wisconsin.

Feb. 6, 1970.

Reginald W. Nelson and Richard C. Ninneman, Milwaukee, Wis., for plaintiff; Bozeman, Neighbour, Patton, Henss & Noe, Moline, Ill., of counsel.

Paul J. Burbach, Milwaukee, Wis., and Theodore A. Jackson, East Moline, Ill., for defendant.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT

REYNOLDS, District Judge.

This is an action [1] for the recovery of money [2] allegedly owing for work performed pursuant to a contract entered into between Limbach Company and Charles Raymond d/b/a Raymond Construction Company ("Raymond"). Plaintiff is the assignee of Herbert F. Schultz, trustee in bankruptcy for Raymond.

This case is presently before the court on the defendant's motion for summary judgment. The parties have prepared and filed an agreed statement of uncontested and contested facts in conjunction with the motion.

### I. UNCONTESTED FACTS

On or about July 25, 1962, Raymond entered into a written contract with defendant, Limbach Company, to perform certain construction work on the Veteran's Hospital in Wood, Wisconsin. As security for Raymond's performance of its contractual obligations with defendant, Raymond in the State of Illinois applied for and obtained a bond with Maryland Casualty Company to secure its performance and payment for the work it was obligated to perform under the contract. In the indemnifying agreement which accompanied the bond application, Raymond agreed that in the event it should fail to fulfill its contractual obligations with defendant, all payments due or to become due under the contract were to be paid to Maryland

1. This action was commenced in state court in Illinois, removed by the defendant to the United States District Court for the Southern District of Illinois, and thereafter transferred to this court on defendant's motion under 28 U.S.C.A. § 1404(a).

2. The complaint prays for judgment in the amount of $266,436.69.

Casualty Company. Maryland Casualty Company failed to record said assignment. At all times herein mentioned, Illinois was operating under the Uniform Commercial Code. Subsequent to the signing of this bond application, Raymond commenced performance of its contract with defendant.

Sometime in early September 1963, Raymond ceased performing under its contract with defendant. On September 9, 1963, defendant sent a "Notice of Raymond Construction's Default" to Raymond, the trustee in arrangement for Raymond, and Maryland Casualty Company.

On September 11, 1963, defendant received a letter from Maryland Casualty Company in which Maryland Casualty Company notified the defendant that pursuant to Maryland Casualty's bond with Raymond, all sums due or becoming due on the defendant's contract with Raymond were assigned to Maryland Casualty. On October 9, 1963, an order was entered by the United States District Court for the Southern District of Illinois in which the trustee in bankruptcy was authorized to notify Maryland Casualty Company to complete the work of Raymond under the afore-mentioned construction contract. The trustee thereafter sent a letter to Maryland Casualty directing it to complete the work and collect all sums due Raymond under the contract.

Subsequent to receiving the direction by the trustee, Maryland Casualty Company entered into an agreement with defendant whereby Maryland Casualty was released from its obligations to perform under its performance bond in consideration of the sum of $110,000.00. On or about June 21, 1966, plaintiff, Charles Stauduhar, obtained an assignment of the entire right, title, and interest of Raymond's trustee to various assets of the bankrupt,[3] and then plaintiff initiated this suit as the assignee of the trustee of Charles Raymond d/b/a Raymond Construction Company.

Limbach Company has moved for summary judgment asserting that there is no genuine issue as to any material fact and that it is entitled to judgment against the plaintiff as a matter of law.

■ Defendant's motion is based on the proposition that the contract between defendant and Raymond. was an executory contract which was rejected by Raymond's trustee in bankruptcy under § 70(b) of the Bankruptcy Act, and consequently the trustee and any assignee of the trustee (including plaintiff) had no right or interest in the contract.

Section 70(b) of the Act (11 U.S.C.A. § 110(b)) provides in part:

"The trustee shall assume or reject an executory contract, including an unexpired lease of real property, within sixty days after the adjudication or within thirty days after the qualification of the trustee, whichever is later * * *. *Any such contract or lease not assumed or rejected within that time shall be deemed to be rejected. * * *"* (Emphasis added.)

The defendant contends that, under the foregoing provisions of the Act, there was a rejection of the executory contract by the trustee. I am of the opinion that the defendant's position must be sustained.

■ Section 70(b) contemplates an affirmative statement of assumption if a trustee proposes to assume the bankrupt's contracts and absent an assumption, a contract is deemed rejected. In the Matter of Luscombe Engineering Company, Inc., 268 F.2d 683 (3rd Cir. 1959); Fletcher v. Surprise, 180 F.2d 669 (7th Cir. 1950). Further, assumption of a contract by the trustee is an act which requires notice be given to the other party to the contract. Fletcher v. Surprise, supra. It is clear from the facts in the instant case that there was no assumption. The trustee was authorized by the court to notify the sure-

---

3. The consideration for this assignment was $3,000.00.

ty to complete work on the contract. Soon thereafter the trustee notified the surety that it should complete work on the contract. Copies of the court authorization and the notification to the surety were served on the defendant. Both the surety and the defendant then knew that the trustee was rejecting the contract and not assuming any rights or liabilities under it. The defendant then relied upon this rejection and acted accordingly when it entered into negotiations to settle the matter with Maryland Casualty. The defendant was entitled to rely on and act on the rejection. Fletcher v. Surprise, supra.

Since the trustee rejected the contract, no rights or liabilities that the bankrupt may have had under that contract passed to the trustee. Fletcher v. Surprise, supra. Consequently the assignee of the trustee could not receive any right or interest under the contract.

Plaintiff's argument in opposition to the motion for summary judgment is that Raymond's assignment of the construction contract to Maryland Casualty in the event of Raymond's default on the contract is not valid against the trustee. This argument is based on the uncontested fact that Maryland Casualty failed to record the assignment, and, consequently, under various provisions of Article 9 of the Uniform Commercial Code, the assignment cannot take preference over the trustee's lien creditor status. No authority is cited in support of the argument advanced by the plaintiff. Assuming arguendo that the plaintiff is correct in his position, the question remains to be answered: Does this create any liability in the defendant?

The defendant received a copy of the court order authorizing the trustee to direct Maryland Casualty to complete work on the contract and also received a copy of the trustee's letter directing the completion.

As pointed out above, the defendant had the right to rely on this information. Indeed, reliance on this information is the only reasonable course the defendant could have followed. Plaintiff cannot be heard to challenge the acts of the trustee, since the trustee is plaintiff's assignor. If plaintiff were to argue that Maryland Casualty did not have the right to settle the matter because the assignment was not valid as against the trustee, plaintiff's relief would be against Maryland Casualty, not the defendant. Plaintiff's position in opposition to summary judgment is without merit.

## II. CONTESTED FACTS

The plaintiff contends that Raymond performed its contractual obligations with defendant until such time as defendant refused to pay sums due Raymond, and that as a result of defendant's failure to pay sums due, Raymond was forced into bankruptcy.

The defendant contends that because of financial difficulties, Raymond filed a petition in bankruptcy and thereby defaulted on its contractual obligations with defendant.

These are the only contested facts before the court. Viewing these facts in the light of the entire record, I am of the opinion that the cause of Raymond's going into bankruptcy is not material to this action.

Based upon the foregoing considerations, I conclude that there is no genuine issue as to any material fact and that the defendant is entitled to judgment against the plaintiff as a matter of law.

It is therefore ordered that the clerk of court enter judgment in favor of the defendant and against the plaintiff dismissing this action and awarding costs to the defendant.